PETER BLASSER, Appellee, v. J. C. MOATS *et al.*, Appellants.

1.  **Conveyance of Real Estate:** APPEAL: RECORD. The supreme court will not consider a motion filed in that court when there is no proof of service thereof of record.

2.  ——: RELEASE OF DOWER : AGREEMENT : EVIDENCE. In an action to foreclose a mortgage on real property for the collection of one-sixth of the purchase price thereof, the defendant claimed that he held a deed of the plaintiff's interest in the land only, and that at the time of the purchase the plaintiff agreed to make the title complete by obtaining his wife's signature thereto. The defendant's testimony was corroborated by two witnesses who were present at the exchange of papers. The plaintiff's denial of such agreement was unsupported by direct evidence, except that one witness, who was present when the terms of sale were talked over, testified that nothing was then said about the wife, but it appeared that prior to the sale the plaintiff and his wife had separated, and a suit between them was then pending for a divorce, in which the defendant was attorney for plaintiff, and had advised plaintiff, prior to the execution of the deed in controversy, to obtain a conveyance to these lands from his wife, which he did, and, after the deed to defendant, delivered the same to said defendant at his request. *Held*, that the claim of defendant was supported by the evidence, and that plaintiff's petition should be dismissed.

*Appeal from Wright District Court.*—HON. J. L. STEVENS, Judge.

TUESDAY, OCTOBER 28, 1890.

ON the second of October, 1882, the plaintiffs exe-. cuted to defendant, A. J. Moats. a warranty deed for eighty acres of land in Wright county, for a consideration of twelve hundred dollars, which consideration has

been paid except one note for two hundred dollars, on which the plaintiff brings this action, and asks the foreclosure of a mortgage given to secure it on the premises sold. The defense is that the wife of the plaintiff did not join in the deed of the premises to defendant Moats, and that, at the time of the execution of the deed and the mortgage to secure the note the plaintiff agreed to procure his wife's signature to that or another deed to the defendant, which he has failed to do, and that the dower interest of the wife has not been relinquished. The agreement to procure a relinquishment of the dower interest is denied by the plaintiff. The district court gave judgment for the plaintiff, and the defendants appeal.

*Moats & Moats* and *Nagle & Birdsall*, for appellants.

*Aaron Yearons*, for appellee.

GRANGER, J.—I. Appellee files a motion asking us to strike out a part of appellants' abstract, but there is

*1. CONVEYANCE of real estate: appeal: record.*

no proof of service of the motion, as required by rule number 52, of this court, and the motion must be disregarded.

II. The controlling question in the case is, did the plaintiff, at the time of making the deed, agree to

*2. ——: release of dower: agreement: evidence.*

procure the signature of his wife to the deed, or procure the conveyance of her dower interest to the defendant? To our minds the solution of the question from the evidence is not difficult. The plaintiff's evidence in support of such an agreement is that of J. C. Moats, who says that, at the time of the conveyance, the plaintiff did agree to obtain such a conveyance from his wife, and that he afterwards took the deed to obtain her signature to it. The justice who took the acknowledgment of the deed is a witness for defendants, and says: "The question of the wife's not joining in the deed was talked over, and Peter Blasser said he would make that

all right by getting her to sign it." The same witness also says he was in the office of Moats & Moats when Blasser was present, and one Boyd asked Moats if the notes he had given Blasser were all right. " Mr. Moats replied that the notes were all right if Mr. Blasser made the title to the land all right, as he agreed. Mr. Blasser replied that he would make that all right." This evidence is met by a denial by the plaintiff that he made such an agreement, and stands unsupported except by one witness ( Derscheid ) who says he was present at the sale. By that he does not mean that he was present at the making of the papers, but at his home when the parties talked over the terms of the trade, and nothing was then said about the wife. Derscheid does not pretend to contradict Moats, and the justice as to what was said when the papers were made out, for he was not there. The record shows two witnesses against the one as to what was said about the wife's relinquishment being obtained. Plaintiff does not dispute that he took the deed to get his wife's signature to it after he had made it. It appears that the plaintiff and his wife were not living together, and that there had been a divorce proceeding instituted against her, and that the defendants in this suit were attorneys for the plaintiff in that, and knew the plaintiff and his wife were not living together at the time of the conveyance. It also appears that J. C. Moats, at some time before this conveyance was completed, advised plaintiff to get from his wife a conveyance of her interest in the lands, and, some time after the deed was made to the defendant Moats, he asked plaintiff for that deed, and plaintiff gave it to him. Some importance is attached to this transaction by appellee. It is, however, to be kept in mind that the taking of this deed as a conveyance of the wife's interest was not thought of at the time of the sale of the land to the defendants. The existence of the deed was then known to both parties, and, some time afterwards, Moats asked for it, and received it. The incident serves somewhat to show that the land was not purchased

regardless of the interest of the wife; and plaintiff nowhere pretends that a word was ever spoken to the effect that less than a perfect title was to be conveyed. The plaintiff is an illiterate German, and did not understand our language perfectly, and was ignorant of the law governing the transfer of lands, and it may be assumed that he believed that, by his deed from the wife, he obtained a release of her contingent interest, and there is some reason for thinking that, when the transfer was advised, our statutory provision on that subject was not in mind, and, but for the strong corroboration of the defendant as to the agreement when the deed was made, we might readily understand that the plaintiff's deed was accepted, relying on a mistaken view of the law as to the rights of the wife. What would be the rights of the defendant if the deed was accepted with such a mistaken view, we need not discuss. That both plaintiff and defendants expected that the title of the defendants would be a good one, is not open to question from the claims of either party. That the title is not a good one, is absolutely certain. This fact as to the purpose of the parties, and the real condition of the title, with the preponderance of evidence as to the agreement, makes it our duty to reverse the action of the district court, and direct that the plaintiff's petition be dismissed. REVERSED.